UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MISTY LANE ROBERTS, )
 )
    Plaintiff, )
 )
v. ) No. 3 06 1083
 ) JUDGE HAYNES
CORRECTIONAL MEDICAL SERVICES, )
INC., ET AL., )
 )
    Defendants. )

## MEMORANDUM

Plaintiff, Misty Lane Roberts, a state prisoner at the Tennessee Prison for Women (TPW) filed this *pro se* action under 42 U.S.C. § 1983 against the defendants: Correctional Medical Services, Inc.; Dr. f/n/u Fagum, M.D., physician at TPW; the State of Tennessee; and the Tennessee Department of Correction (TDOC).[1] Plaintiff seeks money damages and injunctive relief, alleging that the defendants have violated her right to medical care under the Eighth Amendment.

Plaintiff alleges that Dr. Theod[]re Addai, a physician at the Metropolitan General Hospital ("Metro General") in Nashville, diagnosed her as "in the 4th state of congestive heart failure" after a Trans-Esophageal Echocardiogram (TEE) test on February 9, 2006. (Complaint, ¶ IV, p. 3) Plaintiff alleges that Dr. Addai told her that he would contact Dr. Scott Rankin at Centennial Hospital who, in turn, would contact defendant Fagum to schedule surgery. Id.

Plaintiff asserts that she was taken to Centennial for surgery on April 6, 2006, but that Dr. Rankin released her four days later on April 10 without an operation. Id. According to Plaintiff, Dr. Rankin told her that "he had reason to believe from looking at the x-ray, that [her] mitro valve was

---

[1] In her complaint, Plaintiff identifies the last two defendants as "State of Tennessee (TDOC)" and "State of Tennessee – TDOC." (Complaint, p. 1, style of the case; ¶ III.B.3, p. 3) Absent any clarification by Plaintiff, the Court liberally construes the complaint to sue both the State of Tennessee and TDOC.

not in need of repair because [Plaintiff's] heart didn't seem to be enlarged." Id. Dr. Rankin allegedly told Plaintiff that: (1) "he was going to do the surgery but he didn't know right then on what"; (2) he "needed to do more tests"; (3) he "needed to get [Plaintiff's] records from Vanderbilt Hospital"; (4) the tests that "needed to be done were to[o] expensive for the prison," so they would not be done immediately; and (5) the tests would not take as long to order as Plaintiff's TEE test, which, according to the statement of Plaintiff's claim, appears to have taken more than one year. Id.

Plaintiff alleges that she had a "nuclear stress test" on May 30, 2006, id., but she has not had any tests since. Id. Dr. Rankin has not returned her telephone calls. Id. Defendant Fagum allegedly told Plaintiff that Dr. Addai is no longer at Metro General and that she would be treated by Dr. Akkofa at Metro General. According to Plaintiff, she "can feel [her] health getting worse," and she is "afraid" that she is "going to die" if the test and/or surgery is delayed. Id. Based on these allegations, Plaintiff insists that she has not "receive[d] proper medical care." Id.

To state a claim under § 1983, Plaintiff must allege and show: 1) that she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court must dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law or fact if it contains factual allegations that

2

are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

For her denial of adequate medical care, Plaintiff must show that the defendants were deliberately indifferent to her serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*).

An Eighth Amendment claim of denial of medical care has both an objective and subjective component. The objective component requires that Plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981). The subjective component requires that the defendants must be deliberately indifferent to Plaintiff's medical needs. *Wilson v. Seiter*, 501 U.S. 294 (1991). Yet, complaints of malpractice or allegations of negligence are insufficient to entitle Plaintiff to relief under § 1983. *Estelle*, 429 U.S. at 105-06. Moreover, a prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims which sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5. Finally, to set forth a viable claim for the denial of medical care, Plaintiff must

3

argue that her health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

Plaintiff's complaint reflects that she had a TEE test on February 9, 2006, hospitalization in anticipation of heart surgery on April 6, 2006, and a nuclear stress test on May 30, 2006. As to the surgery, Dr. Rankin, who is not a defendant to this action, opined that surgery was not required. Given that Plaintiff has received medical care for her condition, Plaintiff's complaint is that she disagrees with the medical treatment provided to her. As noted previously, a prisoner's difference of opinion regarding medical diagnosis and/or medical treatment does not state an Eighth Amendment violation. Although Plaintiff alleges that she "was out of breath and dizzy and had . . . [to be] take[n] off the machine" during the May 30, 2006 nuclear stress test and that she "can feel [her] health getting worse," these allegations do not describe any obvious and serious medical problem to which the Defendants have been deliberately indifferent.

For the reasons stated above, the Court concludes that Plaintiff has failed to state a claim for relief under the Eighth Amendment.

An appropriate Order is filed herewith.

William J. Haynes, Jr.
United States District Judge

4